IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR-RAUL RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2617-X-BN |
| | § | |
| GABRIEL ARTEAGA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Edgar-Raul Ramirez filed a *pro se* complaint under 42 U.S.C. § 1983, asserting substantive claims against (1) the State of Texas; (2) an individual who appears to be the mother of at least one child of his; and (3) an attorney employed by Office of Texas Attorney General's Child Support Division, alleging that the defendants violated his civil rights. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

While Ramirez paid the applicable filing fee to bring this action, because his Section 1983 claims either are barred by sovereign or prosecutorial immunity or are not plausible, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint.

***Sua Sponte* Consideration**

Ramirez's paying the statutory filing fee prevents judicial screening under 28

U.S.C. § 1915.

But the Court may still "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

These findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords Ramirez an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

## Discussion

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*,

954 F.3d 268, 374, 276 (5th Cir. 2020)). That is, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and [42 U.S.C.] § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

So Ramirez's claims against the State should be dismissed for lack of jurisdiction.

Concerning Ramirez's claims against the Assistant Attorney General associated with the child support proceeding against him, "[a]s a general matter, prosecutors are protected by absolute immunity from civil liability in § 1983 suits." *Ostrander v. Lindsey*, No. W-17-CA-258-ADA, 2018 WL 11488834, at *5 (W.D. Tex. Dec. 14, 2018) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1979)); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

"This immunity extends equally to government attorneys who undertake the defense of a civil suit." *Ostrander*, 2018 WL 11488834, at *5 (citing *Brewer v. Hill*, 453 F. Supp. 67, 69 (N.D. Tex. 1978) ("The reasons for affording quasi-judicial

immunity in this instance are the same as if the Attorney General or one of his deputies had been seeking an indictment and prosecuting a criminal action.... Otherwise, these servants of the people would likely be as concerned about protecting themselves from suit as furthering public policy.")).

> And the United States Court of Appeals for the Fifth Circuit
>
> affirmed this conclusion in a case against an Assistant Attorney General for the State of Texas sued in connection with her prosecution of the enforcement of a child support obligation. *Nixon v. Abbott*, No. 14-10262, 589 F. App'x 279, 279-80 (5th Cir. 2015) (per curiam). The Fifth Circuit held that the Assistant Attorney General was entitled to absolute immunity from liability for actions taken in the course of prosecution of the child support obligation. *Id.* at 280.

*Ostrander*, 2018 WL 11488834, at *5.

Here, as in *Nixon*, Ramirez alleges no acts by the Assistant Attorney General other than those "performed within the scope of the prosecutorial functions" – "absolute immunity [therefore] applies" to this defendant. *Nixon*, 589 F. App'x at 280 (citing *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003)); *see also Ostrander*, 2018 WL 11488834, at *5 ("Without such protection, state attorneys would be unable to perform their integral function in the judicial process without fear of harassment or intimidation." (citations omitted)).

And, as to the individual who appears to be the mother of Ramirez's child, "[a] plaintiff makes out a § 1983 claim [only] if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

"The traditional definition of acting under color of state law requires that the

defendant … have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). And "[p]rivate individuals generally are not considered to act under color of law, but private action may be deemed state action when the defendant's conduct is fairly attributable to the State." *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) (cleaned up).

Ramirez fails to plead "factual content that allows the court to draw the reasonable inference that [this] defendant is liable" under Section 1983, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), by showing that her conduct is fairly attributable to the State, including by failing to allege facts that could show that this defendant participated in a conspiracy with state actors, *see Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted); *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021).

Finally, the undersigned observes that the name Gabrielle R. George appears in the caption as a defendant. But no assertions as to this purported defendant appear elsewhere in the complaint. Accordingly, against George, Ramirez fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Recommendation

The Court should (1) dismiss Plaintiff Edgar-Raul Ramirez's claims against the State of Texas because those claims are subject to sovereign immunity, a barrier

to jurisdiction; (2) dismiss Ramirez's claims against the Assistant Attorney General because those claims are barred by absolute immunity; and (3) dismiss Ramirez's claims against the other individuals named as defendants because those claims are not plausible.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE